**IN THE COURT OF APPEALS OF IOWA**

No. 15-0689
Filed November 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JT RING,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Gary E. Wenell,

Judge.


        The defendant appeals from his convictions for operating while intoxicated

and assault on a peace officer.  **AFFIRMED.**


        Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux

City, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.


        Considered by Potterfield, P.J., Doyle, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**POTTERFIELD, Presiding Judge.**

JT Ring appeals from his convictions for operating while intoxicated and assault on a peace officer.[1] Ring maintains the State failed to present substantial evidence to support his conviction for either of the crimes. In the alternative, he maintains neither conviction is supported by the weight of the evidence and the district court should have granted his motion for a new trial.

First, we consider whether Ring preserved his claims regarding the sufficiency of the evidence; the State urges us to find that he has not.

"To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004). Here, Ring moved for acquittal twice. Following the close of the State's evidence, the court asked if there was a record that Ring would like to make, and his counsel stated, "Yes, your honor. Defense would move for a motion of acquittal at the close of the State's evidence." Similarly, following the close of all evidence, Ring's counsel stated, "Your honor, defense renews their motion of acquittal at close of all evidence."

Because Ring did not challenge the evidence supporting specific elements—or even the specific charges—his motions for acquittal did not preserve his claims. *See id.* (finding the defendant's claim of insufficient evidence was not preserved where counsel had "moved for a judgment of acquittal at the close of the State's case and again at the close of all the

---

[1] In connection with the same events, Ring entered a guilty plea to driving while his license was barred. He does not challenge this conviction on appeal.

evidence. However, he failed to specifically raise the sufficiency of the evidence claim now raised on appeal."); *cf. State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (recognizing "an exception to the general error-preservation rule when the record indicates that the grounds for a motion were obvious and understood by the trial court and counsel," where the defendant was only charged with one crime, and the disputed elements were limited).

Thus, we consider the merits of only Ring's weight-of-the-evidence claims. Ring maintains the weight of the evidence presented at trial did not support his conviction for operation while intoxicated or assaulting a peace officer. We review a weight-of-the-evidence challenge for an abuse of discretion by the trial court. *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003). We do not decide anew the underlying question of whether the verdict is against the weight of the evidence. *Id.*

Regarding his conviction for operating while intoxicated, Ring maintains the weight of the evidence does not support the jury's finding that he was under the influence while operating the vehicle. Three police officers testified at trial; each testified that he was able to smell alcohol emanating from Ring's person and that Ring spoke in a slurred speech while having bloodshot, watery eyes. Each testified he believed Ring had been drinking alcohol on the night in question, and two of the officers—those specially trained in drug detection as well as alcohol detection—testified that they also believed Ring was on some type of stimulant, such as cocaine or methamphetamine. They noted that he was very aggressive with tense muscles, that he appeared to be in a euphoric state—at one point demanding an officer take his hands off of him when it was clear no

one was touching him—and that he was grinding his teeth; each was a symptom they are trained to notice as part of their drug-recognition training.

Ring questions the credibility of the officers. He tries to impeach them with the differences among their reports—stating they could smell alcohol or "a faint odor of alcohol"—and their testimony at trial—stating they noticed a "strong smell" of alcohol coming from Ring. While we note the difference in the two statements, the officers did not change their stance regarding the fact that they were able to smell alcohol on Ring. Ring's explanation of his actions was to imply that his actions were the result of mental illness rather than intoxication. The only evidence regarding possible issues with mental illness was the testimony of Ring's mother, who testified, "JT doesn't act like that if he's on his medication and things, but I have observed JT without his medication like this." She then testified that she thought JT had not been taking his medication and that he had some trouble obtaining it. There was no other evidence regarding what medication JT may or may not have been prescribed or for what purpose he took the medication.

Additionally, on appeal, Ring focuses on the fact that both his mother and sister testified that they did not smell alcohol emanating from Ring on the night in question. However, the State played the recording of the call Ring's sister made to the police, in which she told the operator that her brother had been driving around, "and he was intoxicated." Similarly, in the video from the first officer's squad car, Ring's sister can be heard yelling at Ring for being drunk. Regarding Ring's mother, after she testified she thought Ring's behavior was the result of him not taking his medication, the State asked Ring's mother to re-read the

witness statement she provided the police that night, and Ring's mother agreed she had written that when Ring arrived at her house, "he had been drinking or something."

Here, the jury was free to find the testimony of the police officers more credible than the testimony of Ring's family members, especially in light of the fact that the family members' testimony seemed to be at odds with statements they made to Ring and law enforcement on the night in question. *See State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006) ("Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury was free to reject certain evidence, and credit other evidence." (citation omitted)); *see also State v. Turner*, 630 N.W.2d 601, 609 (Iowa 2001) ("Whether a witness has 'any personal interest, motive or purpose to remember so as to shade meanings of words and actions relating to the testimony' is highly relevant to the witness's credibility." (citation omitted)). With these things in mind, we cannot say the district court abused its discretion when it denied Ring's weight-of-the-evidence challenge.

Regarding his conviction for assaulting a peace officer, Ring maintains the weight of the evidence does not support the determination that he formed, or was able to form, the specific intent to spit at one of the officers. As we said above, there was almost no evidence to support Ring's argument that he was unable to form intent due to some unnamed mental illness. Each of the three officers testified that Ring was highly agitated, cursing profusely, and making threatening comments to officers, including that he would bite them. "[I]ntent may be inferred from the circumstances surrounding the alleged assault." *State v. Taylor*, 689 N.W.2d 116, 132 (Iowa 2004). Here, Ring threatened, in so many words, to

assault the officers and then followed through with an offensive action. The district court did not abuse its discretion in determining the weight of the evidence supported Ring's conviction for assaulting a peace officer.

Because we find no abuse of discretion, we affirm Ring's convictions.

**AFFIRMED.**